```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GARY L. STOLINSKI, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-3174 (JBS/AMD) |
| v. | |
| JAY PENNYPACKER, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE,** District Judge:

This matter is before the Court upon Plaintiff's unopposed motion for reconsideration [Docket Item 39] of aspects of the Court's prior Opinion and Order [Docket Items 34 and 35] granting in part and denying in part Defendants' motion for summary judgment. THIS COURT FINDS AS FOLLOWS:

1. Plaintiff Gary L. Stolinski is a Sergeant with the New Jersey State Police. Between July 31, 2004 and August 25, 2004, Plaintiff attempted to apply online for an American Express credit card on behalf of a company called "GS Tickets" using his office computer. (Compl. ¶ 44.) In the space on the online application which directs applicants to enter a Social Security Number, Plaintiff inserted the business tax identification number he had lawfully obtained on behalf of GS Tickets. (Id.) According to the Complaint, in the face of evidence demonstrating unequivocally that Plaintiff had legitimately used his company's business tax identification number on the application, and

without probable cause, the Individual Defendants arrested Plaintiff, accusing him of having committed identity theft and of having applied for the credit card using a false identification. (Id. at ¶¶ 22, 44.)  Plaintiff was indicted on July 15, 2005 on charges of official misconduct in the second degree, credit card fraud in the fourth degree, and identity theft in the third degree.

2.  On December 2, 2005, the prosecutor, upon determining that Plaintiff had not, in fact, applied for the credit card using a false identity, moved for the dismissal of the indictment, (Defs.' Summ. J. Br. Ex. 8 at 1), and on December 12, 2005 – nearly five months after Plaintiff was indicted – all charges against Plaintiff were dismissed.  (Defs.' Summ. J. Br. Ex. 3 at 1.)  After the charges against Plaintiff were dismissed, he filed the fifteen-count Complaint in this action against the State of New Jersey, the New Jersey State Police Office of Professional Standards (the "OPS"), and four individual state police officers, alleging that Defendants violated his rights under the United States Constitution and New Jersey law.

3.  Thereafter, Defendants filed a motion to dismiss [Docket Item 21], which, in order to consider the documents each side filed in support thereof and in opposition thereto, the Court converted into a motion for summary judgment [Docket Item 33]. The Court granted in part and denied in part Defendants' motion

in its December 4, 2008 Opinion and Order [Docket Items 34 and 35]. In the aspects of that Opinion that are pertinent to the motion presently under review, the Court entered summary judgment in Defendants' favor as to Plaintiff's New Jersey common law claims for false imprisonment, invasion of privacy, and false light, on account of the fact that Plaintiff failed to file a tort claim notice within ninety days of the accrual of these claims in accordance with the New Jersey Tort Claims Act ("TCA").

    4. As the Court explained:

> [T]he TCA "expressly waives [New Jersey's] sovereign immunity as to certain claims." Warnett v. Correctional Medical Services, No. 07-1291, 2008 WL 930739, at *6 (D.N.J. Mar. 31, 2008) (citation omitted). In order to take advantage of the TCA's waiver of sovereign immunity, however, a plaintiff must comply with the Act's notice requirements. See N.J.S.A. 59:8-4, -8 . . . . The TCA provides that a "claimant shall be forever barred from recovering against a public entity or public employee if . . . [h]e failed to file his claim with the public entity within 90 days of accrual of his claim . . . " N.J.S.A. 59:8-8.

(Docket Item 34 at 10-12) (footnotes omitted).

    5. As to Plaintiff's common law claim for false imprisonment, the Court explained that unlike malicious prosecution claims, "false imprisonment claims begin to accrue at the time of unlawful detention." (Id. at 12) (citing Bauer v. Borough of Cliffside Park, 225 N.J. Super. 38, 47 (App. Div. 1988)). Because Plaintiff's false imprisonment claim accrued upon his arrest, which occurred more than ninety days before Plaintiff filed his tort claims notice, the Court granted

Defendants' motion for summary judgment as to Plaintiff's common law false imprisonment claim.  With regard to Plaintiff's false light and invasion of privacy claims, the Court noted that "under New Jersey law, defamation-related invasion of privacy claims begin to accrue upon publication."  (Docket Item 34 at 12) (citing Glenn v. Scott Paper Co., No. 92-1873, 1993 WL 431161, at *14 (D.N.J. Oct. 20, 1993).  Based upon its understanding that the allegedly false and invasive publications had occurred at the time of Plaintiff's arrest, the Court granted Defendants' motion for summary judgment as to Plaintiff's false light and invasion of privacy claims.

    6.  Plaintiff has moved for reconsideration of the Court's entry of summary judgment as to each of these claims, arguing that each of the claims accrued within ninety days prior to Plaintiff's filing of his notice of tort claim.  For the reasons now explained, the Court will grant in part and deny in part Plaintiff's motion.

    7.  Local Civil Rule 7.1(i) governs the Court's review of the City's motion for reconsideration.  Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or

legal authority were indeed presented but overlooked.  See DeLong v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); see also Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).  To prevail on a motion for reconsideration, the movant must show either

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered."  P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted).

    8.  With regard to Plaintiff's false imprisonment claim, the Court finds that reconsideration is unwarranted.  As the exclusive basis for this aspect of his motion, Plaintiff refers the Court to a forty-year-old decision of the Appellate Division suggesting that where a false imprisonment claim is tied to, or relates to, a malicious prosecution claim, the false imprisonment claim does not accrue until the proceedings that are the subject of the malicious prosecution claim terminate in the plaintiff's

favor.  See Di Giovanni v. Pessel, 104 N.J. Super. 550 (App. Div. 1969), aff'd in part and reversed in part on other grounds, 55 N.J. 188 (1970).

    9.  New Jersey courts have since rejected this view, holding squarely that "[u]nlike malicious prosecution, an action for false imprisonment or false arrest accrues at the time of unlawful detention."  Fleming v. United Parcel Service, Inc., 255 N.J. Super. 108, 154-55 (App. Div. 1992); Bauer v. Borough of Cliffside Park, 225 N.J. Super. 38, 47 (App. Div. 1988) ("The basis for a claim of false arrest arises at the time the incident occurs, i.e., the time of arrest").  This is consistent with federal law, under which "a § 1983 claim for false arrest accrues on the date of the plaintiff's arrest, while a malicious prosecution claim does not accrue until a favorable termination is obtained."  Torres v. McLaughlin, 163 F.3d 169, 176 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 351 (3d Cir. 1989).  The distinction is sensible, as the Court of Appeals has reasoned, because "favorable termination is [not] a requisite element of a . . . false arrest claim."  Rose, 871 F.2d at 351.  In light of more recent New Jersey authority contradicting the single case upon which Plaintiff relies in seeking reconsideration of the entry of summary judgment as to his false imprisonment claim, see Fleming, 255 N.J. Super. at 154-55; Bauer, 225 N.J. Super. at 47,

the Court concludes that it made no error in entering summary judgment as to this claim.

    10.  In support of his motion for reconsideration of the entry of summary judgment as to the false light and invasion of privacy claims, Plaintiff asserts that the claims are "not solely based upon statements or actions of the defendants immediately after his arrest.  Instead, these claims are based on continual actions of the defendants throughout the criminal proceedings." (Pl.'s Br. at 5.)  Upon its review of the Complaint and the documents submitted during the parties' summary judgment motion practice, the Court agrees with Plaintiff that it erred in restricting Plaintiff's false light and invasion of privacy claims to statements made at the time of Plaintiff's arrest.  To the extent that Plaintiff can establish that Defendants made false statements within ninety days of the filing of the notice of tort claims, such statements would be actionable under N.J.S.A. 59:8-8.  The Court will thus grant Plaintiff's motion for reconsideration of its entry of summary judgment as to the false light and invasion of privacy claims.[1]

---

[1] The Court does not, however, agree with Plaintiff that his false light claim accrued "once the charges against Plaintiff were dismissed."  (Pl.'s Br. at 5.)  As with Plaintiff's false imprisonment claim, favorable termination is not an element of Plaintiff's false light claims.  Such claims accrue upon publication, not upon the favorable termination of legal proceedings. See Glenn, 1993 WL 431161, at *14.

11.  For the reasons explained above, the Court will grant in part and deny in part Plaintiff's motion for reconsideration. Specifically, the Court will grant Plaintiff's motion to reconsider the entry of summary judgment as to Plaintiff's false light of invasion of privacy claims, finding that summary judgment was improperly entered as to these claims.  The Court will deny Plaintiff's motion for reconsideration of his false imprisonment claim.  The accompanying Order is entered.


**June 11, 2009**                                    **s/ Jerome B. Simandle**
Date                                                 JEROME B. SIMANDLE
                                                     United States District Judge