```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GARY L. STOLINSKI, | HON. JEROME B. SIMANDLE |
|     Plaintiff, | Civil No. 07-3174 (JBS/AMD) |
| v. | |
| SGT. JAY PENNYPACKER, ET AL., | **OPINION** |
|     Defendants. | |

APPEARANCES:

Kevin P. McCann, Esq.
Philip Anthony Davolos, Esq.
Shirley Ann Naylor, Esq.
Bernadette M. Hayes, Esq.
CHANCE & MCCANN
201 West Commerce St.
Bridgeton, NJ 08302
    Counsel for Plaintiff

Francis P. Maneri, Esq.
Jordan M. Rand , Esq.
DILWORTH PAXSON, LLP
1500 Market Street
Suite 3500e
Philadelphia, PA 19102-2101
    -and-
Vincent J. Rizzo , Jr., Esq.
OFFICE OF THE NJ ATTORNEY GENERAL
RJ Hughes Justice Complex
25 Market Street
PO Box 112
Trenton, NJ 08625-0112
    Counsel for Defendant Pennypacker

Robert J. Hagerty, Esq.
CAPEHART & SCATCHARD, PA
Laurel Corporate Center
8000 Midlantic Drive - Suite 300
CS 5016
Mount Laurel, NJ 08054
    Counsel for Defendants Hurley and Koshland

**SIMANDLE,** District Judge:

## I. INTRODUCTION

This matter is before the Court on Plaintiff's appeal of the decision of Hon. Ann Marie Donio, Magistrate Judge, denying Plaintiff's motion to amend and supplement the Complaint. [Docket Item 166.] The principal issue is whether Judge Donio's Order finding that Plaintiff's motion was unduly and prejudicially delayed is either clearly in error or contrary to law. As explained below, it was not in error, and so the Court will affirm the denial of leave to amend.

## II. BACKGROUND

### A. Facts and procedural history of current pleading

Plaintiff Gary L. Stolinski is a Sergeant with the New Jersey State Police.[1] On July 15, 2005, a New Jersey state grand jury indicted him on three criminal counts relating to his entering false information on credit card applications. One count of the indictment was based on Stolinski having obtained the social security number of an Arizona resident to commit identity theft. All of the charges against Stolinski were ultimately dismissed by the prosecutor when she discovered that, with respect to the identity theft charge, Stolinski had not

---

[1] The facts of this case are set forth in detail in this Court's opinion of February 16, 2011.

obtained personal information from the Arizona resident; instead he had entered his business's tax ID in the application's space for a social security number, which tax ID is coincidentally identical to the Arizona resident's social security number.

After the charges were dropped, Stolinski was reinstated to his position on January 5, 2006, and filed this action for malicious prosecution, among other claims, on July 9, 2007.  He named as Defendants the State of New Jersey, the New Jersey State Police Office of Professional Standards, and four individual state police officers, alleging that they violated his rights under the United States Constitution and New Jersey law.

On February 16, 2011, this Court entered summary judgment in favor of Defendants on all counts.  The Court found that no reasonable jury could find that Defendants lacked probable cause to believe the independent counts of credit card fraud and official misconduct had occurred.  The Court also found that New Jersey law does not permit recovery for malicious prosecution when a defendant lacks probable cause as to only some of the lesser counts of a multi-count indictment.  Finally, the Court also granted summary judgment as to Plaintiff's claims of abuse of process, false arrest, conspiracy, and privacy torts.

**B.  Proposed new pleadings**

On November 8, 2010, after the summary judgment motion was

filed but before it was decided, Plaintiff moved to amend and supplement the Complaint.[2] Plaintiff sought to add new allegations and various causes of action for retaliation allegedly occurring in different forms since March 2006.

In the proposed pleading, Plaintiff alleges that Defendants, including six new defendants, retaliated against him for filing a notice of tort claims on March 6, 2006 and because his father filed a formal complaint with the State Police.[3] The retaliation allegedly involved Defendant Pennypacker unsuccessfully seeking in 2006 to convince federal prosecutors to bring federal charges related to Stolinski's credit card fraud and official misconduct, the police department bringing administrative proceedings to terminate Stolinski, with official charges having been served on Stolinski on April 4, 2008, and the department changing the conditions of Stolinski's employment on July 2, 2010 by forcing Stolinski to surrender his weapon and vehicle and relinquish his police powers.

---

[2] On a telephone conference, the parties agreed that the changes made in the proposed new pleading did not affect the matters at issue on summary judgment, and so the Court resolved the summary judgment motion before proceeding to the supplemental claims.

[3] In addition to Defendants Pennypacker, Koshland, and Hurley, Plaintiff seeks to add six new Defendants including: (1) the New Jersey State Police; (2) Colonel Joseph R. Fuentes; (3) Major Heidi S. Scripture; (4) Detective Sergeant Patrick Thornton; (5) Lieutenant Colonel Thomas Gilbert; and (6) Lieutenant William Robb.  [Docket Item 133 ¶¶ 2, 4-5, 7-9.]

A scheduling order of December 22, 2008 set the deadline for amendment of the Complaint as February 27, 2009, over twenty months before Plaintiff eventually sought leave to amend in November 2010.  [Docket Item 38.]  Although the deadline for the completion of discovery was extended multiple times, Plaintiff did not seek any extension of the deadline for filing amended pleadings.

Defendants opposed the motion to amend and supplement.  They argued that Plaintiff failed to establish good cause for amending after the scheduled deadline, and that Plaintiff's claims were unduly delayed and meritless.  Defendants contended that they would be prejudiced by the need for additional discovery that would have been less costly if the claims had been timely filed since it could have been done in conjunction with discovery on the other claims.  Without articulating precisely what discovery was necessary to bring these claims, Plaintiff argued that any delay was because Defendants delayed the discovery process.

**C.  Denial of motion to amend and supplement**

Judge Donio denied the motion to amend and supplement, finding that the motion was unduly delayed, and would prejudice Defendants.  [Docket Item 163.]

Judge Donio's Order identified four periods of unexplained delay, with some claims unduly delayed for all periods, and other

claims only delayed by some of the periods.  First, at least some of the claims and allegations were known to Plaintiff before the February 2009 deadline for amendment.  Plaintiff was served with the notice of administrative charges in April 2008, for example.  Second, Plaintiff did not serve his discovery requests upon Defendants in this case until July 27, 2009, already five months after the deadline for amending the complaint.  Since Plaintiff has not explained how Defendant delayed Plaintiff's own initiation of discovery, Plaintiff has not explained the five months of delay from February to July 2009, during which time Plaintiff did not seek to extend the time to amend.[4]  Third, on October 29, 2009, Defendants submitted the document upon which the claims regarding the federal investigation rest, which was over a year before the motion to amend was finally filed.  And fourth, at the bare minimum, Plaintiff possessed all of the information required to bring every claim by July 2, 2010, months before the motion was filed.

The Order found that these unexplained delays, ranging from years to months depending on the claim and the defendant, substantially prejudiced Defendants.  In addition to simply delaying final resolution of the many claims raised in the original complaint, the unexplained delay increased the cost of

---

[4]  The Order also noted that while Plaintiff now complains about discovery delays, Plaintiff filed no discovery motions.

the discovery that would need to be performed for these new claims, because if these amended pleadings had been timely filed then the parties could have addressed them in the depositions already held, interrogatories issued, and generally as part of the lengthy discovery already conducted.[5]

Judge Donio concluded that permitting Plaintiff to amend and supplement the complaint to add six new defendants and multiple new legal theories would substantially delay resolution of this case and would not result in a more efficient resolution of this dispute.

### D. Plaintiff's Appeal

Plaintiff re-asserts his contention that he could not possibly have filed these claims earlier than November 2010 because of the time the claims arose and Defendants' delays, arguing that Judge Donio's Order erred in finding otherwise. Plaintiff notes that some of the retaliation happened as recently as July 2010, and contends that there would be no prejudice because little further discovery is needed.

Notably, Plaintiff filed a separate complaint on July 28, 2011, encaptioned Stolinski v. Pennypacker et al., Civil Action No. 11-4378 (JBS/AMD), setting forth the allegations he seeks to

---

[5] The key depositions were conducted in late April and early May of 2010, for example, meaning only the claims based on July 2010 conduct post-dated those depositions.

add to the present docket, presumably as a back-up to the present appeal.

## III. DISCUSSION

### A. Standard of Review

A magistrate judge may hear and determine any non-dispositive pretrial matter pending before the court.  Fed. R. Civ. P. 72(a).[6]  The district court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Id.  This standard of review means factual findings are reviewed for whether "on consideration of the entire evidence," the district court "is left with the definite and firm conviction that a mistake has been committed."  Lo Bosco v. Kure Engineering Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995).  Legal conclusions are reviewed without deference to the position taken in the decision being appealed.  Doe v. Hartford Life and Acc. Ins. Co., 237 F.R.D. 545, 548 (D.N.J. 2006).

### B. Analysis

#### 1. Legal framework

---

[6] The parties appear to agree that this "clearly erroneous or contrary to law" standard applies to review of the denial of a motion to amend.  Plaintiff does not suggest that the denial of leave to amend was dispositive of any claims, and Defendants do not suggest the motion should be reviewed under an abuse of discretion standard.

8

Judge Donio correctly identified and applied the relevant legal rules.  Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading as a matter of course under certain circumstances, but otherwise must obtain the opposing party's consent or the court's leave.  Rule 15, Fed. R. Civ. P.  The Rule provides that when leave is required, "[t]he court should freely give leave when justice so requires," which has been interpreted to mean that amendment should be permitted when it will not prejudice Defendants.  Id.; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).[7]  Rule 16 empowers the Court to issue scheduling orders, which must be followed unless good cause is shown for altering them.  See Dimensional Commc'ns, Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005).  A court is required to set a deadline for motions to amend or to join new parties, see Rule 16(b)(3)(A), and Judge Donio set a reasonable deadline of February 27, 2009, after conferring with all counsel.  Heightened scrutiny of a motion to amend and add new defendants is warranted when the motion comes after the period prescribed by Rule 16(b)(3)(A).

In Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004), the Third Circuit Court of Appeals noted that sufficient prejudice

---

[7] The Court assumes without deciding that months-long periods of unnecessary delay is not itself a sufficient basis to deny a motion to amend, and that a specific showing of prejudice is necessary.

9

exists to deny an unduly delayed motion to amend when the assertion of the new claim would require the opponent to expend significant additional resources to conduct discovery and prepare for trial, or significantly delay the resolution of the dispute.

### 2. Factual findings as to delays

Judge Donio correctly found that there are unexplained and undue delays as to each of Plaintiff's new claims.  Plaintiff has generally asserted that he could not raise these claims before November 2010.  But Plaintiff has never substantiated this argument with details, and what details are in the record contradict Plaintiff's assertion.

As to the claim of a retaliatory federal investigation, Plaintiff's own allegations suggest Plaintiff was aware of the key facts underlying this claim as early as 2006, when both his attorney and his union representative were informed of the federal investigation.  See Proposed Amended Complaint ¶¶ 134, 140.  At the latest, Plaintiff learned of the necessary facts to bring this claim in the months following October 29, 2009, more than a year before the motion to amend was filed and itself a late date as a product of Plaintiff's own delay in propounding discovery requests.  Id. ¶¶ 133-153 (relying on Pennypacker Report III, produced on October 29, 2009).

Similarly, the nature of the allegedly retaliatory

10

administrative charges and the penalty sought were known by Plaintiff as of April 2008, when he was served with the formal charges. Id. ¶ 199. And yet, Plaintiff did not seek to raise claims of retaliation based on the administrative proceedings until more than two years later. And Plaintiff learned of the July 2, 2010 changes to his employment status immediately, and does not assert that he learned something after that date that made it apparent that this was an act of retaliation. Nevertheless, Plaintiff did not file the present motion until over four months later, after an exhaustive and ultimately meritorious summary judgment motion had been filed against him.

Some of these delays are longer and more prejudicial than others, but each claim was significantly delayed. It is undisputed that Plaintiff never asked for an extension of the scheduling deadline for amendment, did not make any discovery motion regarding Defendants' putative delays, and indeed did not even propound discovery requests until July 2009.

Plaintiff fails to address any of these findings in the present appeal. Plaintiff simply re-asserts his arguments about the cause of delay at a level of generality that is not helpful to his cause.

### 3. Factual findings as to prejudice

As to the effort to bring federal charges and the

11

administrative proceedings, Judge Donio correctly found that these additional claims and addition of new defendants will require not just additional discovery (as any new claim would, even if timely brought), but additional discovery that will be more costly than if the claims had been timely brought. At a minimum, it is reasonable to expect that some defendants will have to be deposed again, a unnecessary burden imposed because Plaintiff unduly delayed filing. This is precisely the kind of prejudice identified in Long, 393 F.3d at 400.

As to the July 2010 retaliation claim, it is true that discovery was completed before the conduct underlying that claim occurred, and therefore the delay in bringing this claim did not unnecessarily force duplicative discovery costs. However, Judge Donio's other findings apply with equal force to this claim. Specifically, the motion was filed some twenty months after the scheduled deadline and after a meritorious summary judgment motion, that would conclude the entire case, was filed. Permitting Plaintiff to amend and supplement the complaint now to add this claim about the July 2010 conduct will substantially delay resolution of this case (which was initially filed almost four years ago) and will not result in a more efficient resolution of this dispute, or the dispute over the retaliation claim. This last finding is particularly well-founded in light of the fact that Plaintiff has already filed a separate Complaint

containing the retaliation claims on Civil Docket 11-4378.

**IV.   CONCLUSION**

Because Plaintiff is free to attempt to prosecute his claims before this Court on a separate docket, and has not contended that amendment of the pleadings in this docket is legally necessary for some reason (a matter on which the Court takes no position), the practical question faced by this Court is whether the interests of justice, including the efficient and fair resolution of claims, weigh in favor of amendment or in favor of Plaintiff pursuing these claims separately.  Judge Donio did not commit clear error or act contrary to law in finding that Plaintiff's new claims and allegations unnecessarily delay the resolution of the present dispute and that there is no efficiency to be gained by tacking them on the tail end of this matter, which is otherwise entirely resolved.  To the extent otherwise permitted by law, Plaintiff may prosecute the claims on a separate docket.  But Plaintiff will not be permitted to delay resolution of the core of this case by adding claims that should have been brought months or years earlier.  The accompanying Order will be entered affirming Judge Donio's decision.

**August 15, 2011**                             **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                United States District Judge